The Honorable Frank Willems State Representative Route 3, Box 112 Paris, AR 72855
Dear Representative Willems:
This is in response to your request for an opinion regarding employees of Arkansas Valley Technical Institute who are eligible for Teacher Retirement. You note that Act 1293 of 1995 removed the retirement annuity limitation for covered employees who work in colleges, universities, and vo-tech schools. Your specific question is as follows:
 Can a covered employee submit retirement documents on Friday, June 30 and return to their position the following Monday, July 3, or is he/she required to have a break in service, e.g., retire (vacate the position), advertise the position, interview, etc.?
It is my opinion that a break in service is necessary in order to be considered a "retirant" for purposes of Act 1293 of 1995. The relevant language of Act 1293 is contained in Section 1, which added the following language to A.C.A. § 24-7-708 (regarding annuities limitations):
 If a retirant is employed in a covered position by a state college, university, or vocational-technical school, his annuity shall not be subject to the limitations imposed of [sic] subsection (a) of this section.
A.C.A. § 24-7-708(f), as added by Acts 1995, No. 1293, § 1 (emphasis added).
The term "retirant" is defined in A.C.A. § 24-7-202(20) (Supp. 1993) as follows:
 `Retirant' means a former member receiving a system annuity by reason of having been a member[.]" [Emphasis added.]
Thus, in order to be considered a "retirant" the individual must be receiving a system annuity. Termination of active membership is necessary in order to begin receiving an annuity. See A.C.A. § 24-7-701 (Supp. 1993). And it appears from the definition of "active member" that termination of service is necessary in order to terminate active membership. An "active member" is "any member rendering service which is covered by the system." A.C.A. § 24-7-202(10) (Supp. 1993). See also
A.C.A. § 24-7-502(a)(1) (Supp. 1993) (stating that "[w]hen a member is no longer employed by an employer in a position covered by the system, he shall thereupon cease to be an active member of the system.")
It thus seems clear that the covered employee must have a break in service in order to avail himself or herself of the provision in Act 1293 eliminating the annuity limitation. According to my research, there is no generally prescribed time period for the break in service. Reference should be made, however, to A.C.A. § 24-7-701 (Supp. 1993) regarding the time period for beginning the annuity. Subsection (e)(1) of this provision states:
 If a member has signed an employment contract for a fiscal school year and been paid in full for that fiscal school year, in no event shall the annuity begin earlier than July 1 next following that fiscal school year. [Emphasis added.]
Thus, with regard to the scenario set out in your question, a covered employee who has an employment contract will not begin receiving an annuity earlier than July 1. This may, albeit indirectly, dictate the requisite minimum break in service for such an employee. As noted above, a "retirant" for purposes of Act 1293 of 1995 is a "former member receiving a system annuity." See A.C.A. § 24-7-202(20).
With regard to advertising or interviewing for the position, it is my opinion that these are matters to be determined by the institution with reference, perhaps, to any existing policies or procedures. The institution may wish to seek the advice of its regular counsel in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh